IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| In re BRYON D. PETERSEN | ORDER AND MEMORANDUM DECISION<br><br>Case No. 2:10-CV-741 |

In August 2010, pro se petitioner Bryon D. Petersen, a disabled veteran[1] and inmate at the Utah State Prison, filed in this court a "Petition Seeking Disability Pension Entitlement Payments While Incarcerated." The court granted Mr. Petersen's request to proceed *in forma pauperis*. (See Aug. 27, 2010 Order (Docket No. 5).) As required by 28 U.S.C. § 1915A (setting forth a screening process for complaints filed by *in forma pauperis* plaintiffs), the court screened Mr. Petersen's petition to determine whether to dismiss it or to order that it be served upon the appropriate defendants. During the screening process, it became apparent that this court lacks jurisdiction over Mr. Petersen's claims.

Mr. Petersen seeks veterans' disability pension benefits. He also seeks an order invalidating 38 U.S.C. § 1505, which prohibits payment of pension benefits to veterans who are incarcerated in penal institutions as a result of the conviction of a felony. He contends that the statute is unconstitutional.

According to his Petition, Mr. Peterson applied to the Department of Veterans Affairs for

---

[1]The court construes all of Mr. Petersen's allegations as true for purposes of this analysis.

disability pension payments. The Department "granted/awarded entitlement to non-service connected monthly pension and special monthly pension for reason of being housebound, on/or about September 17, 2008. All subsequent requests submitted by petitioner were denied and are now being appealed before the Board of Veteran's Appeals." (Petition (Docket No. 6) at 2 (listing VA file numbers and noting that Petitioner's appeal was filed on September 3, 2009).) Although the nature and basis for the agency's decision is not fully explained by Mr. Petersen, the court assumes, based on the allegations in his Petition, that the agency denied payment of benefits to Mr. Petersen while he is incarcerated.

Nothing in the record indicates that the appeals process within the agency has been completed. This raises the question of whether Mr. Petersen has exhausted his administrative remedies (typically a prerequisite to judicial review). See Ledford v. West, 136 F.3d 776, 780-81 (Fed. Cir. 1998) (holding that although exhaustion of administrative remedies in the veterans' benefits context is not jurisdictional, the veteran applying for benefits must, in most circumstances, present his constitutional challenges to the Board of Veterans' Appeals before raising those challenges in subsequent appeals).

More importantly, however, Mr. Petersen has brought his claim (or "appeal") in the wrong forum. First, the Court of Appeals for Veterans Claims (an Article I administrative court) has exclusive jurisdiction to review decisions of the Board of Veterans' Appeals. 38 U.S.C. § 7252(a). Second, after those levels of appeal have been exhausted, any subsequent appeal by the veteran must be filed with the Court of Appeals for the Federal Circuit:

> The United States Court of Appeals for the Federal Circuit shall have <u>exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof</u> brought under this section, and to interpret

2

constitutional and statutory provisions, to the extent presented and necessary to a decision. The judgment of such court shall be final subject to review by the Supreme Court upon certiorari, in the manner provided in section 1254 of title 28.

38 U.S.C. § 7292(c) (emphasis added). The Federal Circuit's exclusive jurisdiction reaches not only to claims challenging the agency's denial of benefits but also to claims challenging the constitutionality of statutes under Title 38, Veterans' Benefits, such as the one Mr. Peterson challenges (38 U.S.C. § 1505). See id.; 38 U.S.C. § 7292(a) ("After a decision of the United States Court of Appeals for Veterans Claims is entered in a case, any party to the case may obtain a review of the decision with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . that was relied on by the Court in making the decision.").

For the reasons set forth above, the court holds that it lacks jurisdiction to review Mr. Petersen's Petition. Accordingly, the Petition is DISMISSED.

SO ORDERED this 28th day of February, 2011.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
District Court Judge