IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| In re BRYON D. PETERSEN | ORDER AND MEMORANDUM DECISION Case No. 2:10-CV-741 |

Pro se petitioner Bryon D. Petersen, a disabled veteran[1] and inmate at the Utah State Prison, filed a "Petition Seeking Disability Pension Entitlement Payments While Incarcerated," which the court dismissed for lack of jurisdiction. (See Feb. 28, 2011 Order & Mem. Decision (Docket No. 9).) Mr. Petersen filed his "Objection to Order and Memorandum Decision" (Docket No. 12), which the court construes as a timely motion to reconsider and reverse the dismissal under Federal Rules of Civil Procedure 59 and 60. For the reasons set forth below, Mr. Petersen's motion is DENIED.

**ANALYSIS**

According to his Petition,[2] Mr. Peterson applied to the Department of Veterans Affairs (V.A.) for disability pension payments. The Department "granted/awarded entitlement to non-

---

[1] The court construes all of Mr. Petersen's allegations as true for purposes of this analysis.

[2] Mr. Petersen does not specifically name any defendant in his petition. On his Civil Cover Sheet, in the box labeled "DEFENDANTS," he listed "FEDERAL LAW 38 U.S.C. § 1505" (the attorney is listed as the "U.S. Attorney General"). (Docket No. 6-1.) In the box labeled "BASIS OF JURISDICTION," he checked "Federal Question" and noted that the "U.S. Government may be a possible defendant." (Id.)

service connected monthly pension and special monthly pension for reason of being housebound, on/or about September 17, 2008. All subsequent requests submitted by petitioner were denied and are now being appealed before the Board of Veteran's Appeals." (Petition (Docket No. 6) at 2.) Although the V.A. granted his application for certain benefits (i.e., found him eligible for the benefits as a disabled veteran), it subsequently suspended payment of those benefits while he is serving his sentence at the Utah State Prison, citing to 38 U.S.C. § 1505, which provides that:

> No pension under public or private laws administered by the Secretary [of Veterans Affairs] shall be paid to or for an individual who has been imprisoned in a Federal, State, or local penal institution as a result of conviction of a felony or a misdemeanor for any part of the period beginning sixty-one days after such individual's imprisonment begins and ending when such individual's imprisonment ends.

38 U.S.C. § 1505(a).

Mr. Petersen challenges the statute barring payment of his disability pension benefits. According to Mr. Petersen, in his motion to reconsider, the court erred when it held that it lacked jurisdiction because it erroneously concluded that he is appealing a V.A. denial of benefits. He contends that he is not appealing a V.A. denial of benefits but rather is asserting a direct challenge to a statute that is contrary to his rights under the Americans With Disabilities Act (ADA) and the United States Constitution. He maintains that his administrative appeal has no relation to his challenge to the constitutionality of 38 U.S.C. § 1505.

The court is not convinced by Mr. Petersen's characterization of the nature of his claim. The only logical conclusion to be reached is that he is challenging the V.A.'s decision to suspend payment of the benefits, i.e., an adverse benefit decision, and that the court does not have subject matter jurisdiction over his claim. Indeed he seeks "the immediate payment of all suspended

monthly pension payments from the date of the award of entitlement." (Petition at p. 11 ¶ 32.) While it is true that he directly challenges the statute and that he is otherwise eligible to receive the disability pension benefits, his challenge is tied to an adverse benefits decision. (Id. at p. 10 ("As a result of Federal Law [38] USC § 1505 Petitioner's disability pension was suspended.").)

In that context, "constitutional challenges to a benefits decision are subject to review only through the jurisdictional scheme established in the VJRA [Veterans Judicial Review Act]." Johnson v. Dep't of Veterans Affairs, 351 Fed. Appx. 288, 290, No. 09-7054, 2009 WL 3448829 (10th Cir. Oct. 28, 2009) (holding that district court lacked jurisdiction because disabled veteran was challenging adverse benefits decision despite his characterization of the claim as a purely constitutional challenge to a regulation, in particular because he sought payment of the otherwise denied benefits). The "jurisdictional scheme" requires that constitutional challenges to adverse benefit decisions be brought "only in the [Board of Veterans Appeals], the [United States Court of Appeals for Veterans Claims], the Federal Circuit, and the United States Supreme Court." Id. at 291. Under the VJRA, this court does not have subject matter jurisdiction over Mr. Petersen's constitutional challenge. See Burkins v. United States, 112 F.3d 444, 447 (10th Cir. 1997) ("In order to receive disability benefits, a veteran must first file a claim with the V.A. 38 U.S.C. § 5101. If the veteran's claim is denied, the veteran may seek review from the Board of Veterans' Appeals, then the Court of Veterans Appeals, and finally the Federal Circuit. 38 U.S.C. §§ 7104, 7252, 7292.").

As for Mr. Peterson's citation to the Americans with Disabilities Act (ADA), it is not clear from his petition whether he is bringing an ADA claim as well as a constitutional challenge to Section 1505 of Title 38. But if he is, this court, assuming it has jurisdiction over the ADA

3

claim, nevertheless reaches the same conclusion, i.e, that Mr. Petersen's claims must be dismissed. Mr. Petersen's claim that the suspension of benefits, and the statute upon which the suspension was based, is in direct violation of the ADA fails as a matter of law. The ADA protects against discrimination on the basis of disability. Under the ADA, "no qualified individual with a disability shall, <u>by reason of such disability</u>, . . . be denied the benefits of the services [or] programs . . . of a public entity." 42 U.S.C. § 12132 (emphasis added). In his petition, Mr. Petersen states that he was denied benefits not because he is disabled but because he is incarcerated. The ADA only prohibits discrimination based on the person's disability.

## ORDER

For the foregoing reasons, the court declines to alter its decision denying Mr. Petersen's request for relief. His motion for reconsideration (Docket No. 12) is DENIED. Based on the Tenth Circuit Court of Appeals' March 14, 2011 Order (Docket No. 14), Mr. Petersen must inform the Tenth Circuit in writing within 10 days of the date of this Order that the objection has been resolved. Based on the same order of the Tenth Circuit, the Clerk of the Court is hereby directed to supplement the preliminary record by transmitting to the Tenth Circuit Court of Appeals a copy of this order, together with any related docket entries.

SO ORDERED this 10th day of August, 2011.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge